IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>APRIL L. ROLENC,<br><br>    Defendant. | 8:13CR143<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the objections filed by the defendant, Filing No. 33, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 32, denying defendant's motion to suppress evidence and statements, Filing No. 20. A grand jury charged the defendant with distribution of methamphetamine on three occasions in February 2012 (Counts I-III), in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and on April 8, 2013, possession with intent to distribute methamphetamine (Count IV), in violation of 21 U.S.C. § 841(a)(1). See Filing No. 1. Pursuant to 28 U.S.C. § 636(b)(1)(A), this court conducts a *de novo* review of the magistrate judge's findings to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court reviewed the entire record, including the transcript of the suppression hearing ("Tr."). Filing No. 31. The court concludes that the magistrate judge's F&R should be adopted in part as set forth herein.

## BACKGROUND

The court adopts the facts as set forth by the magistrate judge in their entirety, and thus the court will only summarize the facts in this Memorandum and Order. Briefly, officers of the drug task force for the Fremont Police Department investigated

illegal drug activities in 2012 that involved the defendant Rolenc. A confidential informant notified Officer Matthew Hultquist that defendant was selling methamphetamine. The Fremont officers then conducted three controlled purchases of methamphetamine from defendant in February 2012. Thereafter, the investigation discontinued, as Officer Hultquist could not locate the defendant. However, in late 2012 or early 2013, the Fremont officers received additional information from a person in jail indicating that defendant was selling large amounts of methamphetamine.

On April 1, 2013, officers observed the defendant leave her farm, drive to a hotel in Fremont, Nebraska, then get into a car with Gia Middleton, a/k/a Gia Novotny, and Greg French. Defendant rode in the car driven by Middleton, while French drove defendant's car. The officers later determined that Middleton had a suspended driver's license. Deputy Craig Harbaugh pulled Middleton over and arrested her for driving with a suspended driver's license. Deputy Harbaugh was asked by Officer Hultquist to detain or arrest defendant because of the three methamphetamine deliveries that occurred in 2012. Deputy Harbaugh asked defendant to exit the vehicle. He asked defendant if she had any weapons, drugs or illegal contraband on her person. She responded "not on me" and then looked back at the vehicle. Filing No. 31, Tr. at 34-35. One deputy then commented to Deputy Harbaugh that the drugs must be in the vehicle. Tr. at 35. She then offered that she had a small amount of drugs in her purse in the car and a large amount of cash and offered to get them. Deputy Harbaugh did a pat-down, placed the defendant in handcuffs, and put her in the cruiser so he could take her to Fremont Police Headquarters. Thereafter, Deputy Harbaugh did an inventory search of

the car and found the purse. He found cash and methamphetamine in the purse. He then advised defendant of her *Miranda*[1] rights and she gave a statement. *Id.*, Tr. at 16.

## MAGISTRATE JUDGE'S FINDINGS

The defendant filed a motion to suppress contending that there was no probable cause or reasonable suspicion for the traffic stop. The magistrate judge did a thorough analysis, finding that Middleton drove with a suspended driver's license. Accordingly, the court agrees with the magistrate judge that the Fourth Amendment permits a stop when there is reasonable suspicion of criminal activity. *See United States v. Hambrick*, 630 F.3d 742, 746 (8th Cir. 2011).

The defendant next argued that there existed no legal justification to detain her at the traffic stop. However, the magistrate judge concluded that such contact became a custodial arrest, and probable cause for the arrest existed as the officer believed that one or more felonies had occurred. The magistrate Judge also found that the "collective knowledge" of the officers involved supported a basis for the arrest. *See United States v. Robinson*, 664 F.3d 701, 703 (8th Cir. 2011). In this case Officer Hulquist observed, either directly or indirectly, the buys of methamphetamine and conveyed the same to Deputy Harbaugh. In the alternative, the magistrate judge determined that Deputy Harbaugh had an independent basis for arresting the defendant. When asked about illegal drugs and contraband, the defendant, as stated previously, indicated they were not on her person but looked towards her vehicle. She then volunteered that she had drugs and money in her purse. The magistrate judge determined in the alternative that

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).

the possession of these items gave the officers probable cause to arrest her and search the vehicle.

Defendant next argues that any statements she made must be suppressed, as she did not receive her *Miranda* warnings. The magistrate judge concluded that the question by Deputy Harbaugh about whether defendant had any weapons, illegal contraband, or drugs was only an inquiry incident to her arrest and custody. The magistrate judge further determined that the defendant volunteered the remaining statements to law enforcement, and that such statements were not in response to an interrogation.

Defendant also seeks to suppress all the evidence discovered in her purse in the passenger compartment of the vehicle. In general, "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009). The magistrate judge determined that this case was unlike *Gant,* because in the present case officers had reason to believe that there was drug evidence in the vehicle. In the alternative the magistrate judge concluded that the search of the vehicle was a valid inventory search. See *United States v. Baldenegro-Valdez*, 703 F.3d 1117, 1125-26 (8th Cir. 2013). The magistrate judge further found that the officers conducted the inventory search properly.

## DISCUSSION AND OBJECTIONS

Defendant objects to the magistrate judge's findings that (1) Officer Hulquist personally observed defendant's involvement in the three 2012 controlled buys and that

such observation and later information supported probable cause; (2) Deputy Harbaugh had independent justification to pat down defendant separate and apart from the drug trafficking investigation; (3) defendant's responses were not a result of interrogation; and (4) that the search of the purse was not in violation of *Gant.*

With regard to the first objection, the court finds that this argument is irrelevant. Whether the officer technically saw the sale of methamphetamine, or whether the buy was monitored from a remote location does not change the result. Officer Hulquist observed these three transactions, either directly or by listening, as the defendant sold methamphetamine to the confidential informant. Further, Officer Hultquist had his confidential information wear a recording device during the buys. Filing No. 31, Tr. at 4. The court agrees with the magistrate judge's findings of fact and conclusions of law as to this objection.

As to the second objection, the pat-down of the defendant, the deputy testified that he was told to detain and/or arrest the defendant. The court agrees with the magistrate judge in this regard that the deputy was permitted to conduct a pat-down search for officer safety and pursuant to a lawful arrest.

With regard to all the responses given by the defendant post-*Miranda*, the court agrees with the magistrate judge that these answers were not given as a result of an interrogation. The responses post-*Miranda* appear to be completely voluntary.

With regard to the pre-*Miranda* questions, the magistrate judge determined that the deputy was entitled to ask if defendant possessed any drugs, guns, or illegal contraband, relying on *United States v. McCarty*, 612 F.3d 1020, 1025-26 (8th Cir. 2010); *United States v. Olivera-Mendez*, 484 F.3d 505, 511 (8th Cir. 2007) (finding no

unreasonable seizure occurred during traffic stop based on probable cause when officer asked three questions about drug possession which were unrelated to the traffic stop).

The Court finds first, as did the magistrate judge, that the defendant was in custody at the time of the questioning. Second, the law requires reading of *Miranda* rights before questioning if the person is in custody. *United States v. Muhlenbruch*, 634 F.3d 987, 995 (8th Cir. 2011). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). It is clear from the record that defendant did not receive her *Miranda* rights prior to questioning by Deputy Harbaugh. The deputy knew defendant would likely be charged with drug crimes, yet he asked her specifically if she had drugs in her possession. The Court finds under the circumstances that such a question was likely to illicit an incriminating response from the defendant. Accordingly, the Court finds Deputy Harbaugh was required to advise defendant of her *Miranda* rights before asking her about drugs in her possession.

Defendant's statement following police questioning regarding whether she had drugs on her wherein she replied "not on me" and her action in looking toward the vehicle, are a violation of *Miranda* and are inadmissible. Likewise, as a result of her interrogation and as a result of her head nod, the officers deduced and stated out loud that defendant must have drugs in the vehicle. Following the comment by the deputy, the defendant stated "Deputy Harbaugh, I have a small amount of drugs in my purse in the front seat. Can I get them for you?" (TR. 35). The Court likewise finds that this

6

statement is inadmissible. Although it appears to be volunteered, it is not. The statement came on the heels of the interrogation and officers comment. It was part and parcel of the same illegal interrogation. Accordingly, the Court finds all statements by defendant prior to the reading of her *Miranda* rights are inadmissible.

Finally, with regard to the fourth objection, the court finds that the inventory search, which the magistrate judge concluded was conducted pursuant to policy, would have disclosed the contents of the purse notwithstanding her suppressed statements.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 20, is granted in part and denied in part;

2. The F&R of the magistrate judge, Filing No. 32, is adopted in part; and

3. The objections filed by the defendant, Filing No. 33, are granted in part and overruled in part.

Dated this 22nd day of November, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge